UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| Tina N. Taylor [Lintz], | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No.: 3:14-CV-284-PLR-HBG |
| | ) | |
| Wal-Mart Stores East, L.P., | ) | |
| | ) | |
| *Defendant.* | ) | |

## **Memorandum Opinion**

On August 12, 2013, Tina Taylor slipped and fell in a puddle on the floor of a Wal-Mart in Clinton, Tennessee. She now seeks $100,000 in compensatory damages for her injuries, pain, and mental anguish. Presently before the Court is Wal-Mart's motion for summary judgment. In support of its motion, Wal-Mart asserts that the plaintiff cannot establish actual or constructive notice—essential elements in her negligence claim. Wal-Mart is correct. For the reasons explained below, Wal-Mart's motion for summary judgment [R. 16] will be granted, and the plaintiff's complaint will be dismissed in its entirety.

I.

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the

nonmoving party. *Matsushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Keifer,* 301 F.3d 937, 942 (6th Cir. 2002). Courts may not resolve genuine disputes of fact in favor of the movant. *Tolan v. Cotton*, 134 S.Ct. 1861, 1863 (2014) (vacating lower court's grant of summary judgment for "fail[ing to] adhere to the axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor") (internal quotations and citations omitted).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. *Celotex*, 477 U.S. at 317. To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id*.

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the fact finder. *Id*. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id*. at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of fact." *Street v. J.C. Bradford & Co*., 886 F.2d 1472, 1479 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

II.

On August 12, 2013, Tina Taylor visited the Wal-Mart in Clinton, Tennessee. While walking into a McDonalds restaurant located inside the Wal-Mart, she slipped and fell in a puddle of liquid on the floor. The puddle was located by the right corner of an ice machine sitting to the left of the restaurant entrance. The plaintiff concluded that the liquid was water because it was clear and not sticky. She testified that she did not see the water before she fell, but there was enough water on the floor to get her pants and shirt wet.

Taylor's accident was recorded on Wal-Mart's surveillance video (the "DVD"). Due to the quality of the video and the distance of the camera from the scene, it is impossible to see a puddle or what created it. The surveillance video shows many people passing over the area where Taylor slips at the corner of the ice machine. [DVD, at 4:01-4:27]. At 3:59 p.m., an unidentified man pushing a large blue bin approaches the ice machine and reaches around inside the left and right doors. He walks away at 4:01. At 4:06, a family walks directly over the area at the corner of the ice machine without issue. At 4:13, Taylor and her two children enter the McDonalds and take a wider path around the ice machine. From 4:13-4:22, at least three other people turn the corner directly next to the ice machine where Taylor eventually falls. None of these people slip or stumble or otherwise indicate something wrong with that area. At 4:22, Taylor walks out of the McDonalds toward the bathrooms and takes the same sharp turn next to the ice machine without slipping or falling. From 4:22-4:25, a few other people get close to the spot, and none of them fall or make any movements to avoid the area. At 4:25, a couple and a child exit the McDonald's and abruptly pause at the corner of the ice machine. The video is grainy and it is impossible to actually see anything spilled on the ground. From 4:25-4:26, no


3

one else approaches the corner of the ice machine. At 4:27, Taylor walks back from the bathroom, turns next to the ice machine by the McDonald's entrance, and falls.

III.

To succeed in a claim against the owner or operator of a premises for negligence in allowing a dangerous or defective condition to exist on the premises, a plaintiff must demonstrate that (1) the defendant created the condition or (2) the defendant had actual or constructive notice of the condition prior to the plaintiff's injury. *Hardesty v. Service Merchandise Co., Inc.*, 953 S.W.2d 678, 682 (Tenn. App. 1997). Constructive knowledge cannot generally be established without showing the length of time the dangerous condition existed. *Id.* In *Hardesty*, a case cited by the plaintiff, the Tennessee Court of Appeals explained that, "[w]here there is a complete absence of proof as to when and how the dangerous condition came about, it would be improper to permit the jury to speculate on these vital elements." *Id.* at 683 (collecting cases). Accordingly, the plaintiff "must submit proof as to how long the allegedly dangerous condition existed prior to the accident." *Id.*

The plaintiff first argues that Wal-Mart had actual notice of the danger. According to her, at 3:59:46 the video reveals a male Wal-Mart maintenance person at the ice machine moving bags of ice around. The plaintiff asserts that "this maintenance person quite possibly knew of a leak problem from melting ice on the right side of the machine and was attempting to remedy the problem. Or, it may be found, just as likely, that the maintenance person caused that leak by the movement of the bags." The plaintiff, however, does not cite any evidence in the record showing that the individual in the video is actually a Wal-Mart employee. The plaintiff never asked Wal-Mart about the individual or sought to depose him. Even assuming he is a Wal-Mart employee, neither his presence nor his actions suggest he created any leak or puddle or that he

4

had actual notice of such a condition.[1] The plaintiff's assertions that he "quite possibly knew of a leak" or that "it may be found . . . that [he] caused that leak" are pure speculation. "A properly supported motion for summary judgment will not be defeated by conclusory allegations, speculation, and unsubstantiated assertions." *Bradley v. Wal-Mart Stores East, LP*, 587 F. App'x 863, 866 (6th Cir. 2014) (citing *Lujan*, 497 U.S. at 888). Without any actual evidence indicating when the puddle formed, a jury could not reasonably return a verdict for the plaintiff. *See, e.g. Basily v. Rain, Inc.*, 29 S.W.3d 879, 885 (Tenn. App. 2000) (without evidence showing how long the dangerous condition existed, a jury can only speculate about whether the condition existed for "one minute or one hour").

Next, the plaintiff argues that Wal-Mart had constructive notice of the puddle on the ground. As evidence of constructive notice, the plaintiff does not refer to the time elapsed between the alleged maintenance man's visit to the ice machine and the plaintiff's fall. Instead, she limits her argument to the time elapsed between the couple and child pausing at the corner of the machine and when the plaintiff fell. Assuming the couple and child paused at the machine because the child spilled something, only one minute and fifty seconds elapsed between the child pausing by the machine and the plaintiff falling. Without any citation to authority, the plaintiff argues that this was enough time for one of the four Wal-Mart employees at nearby cash registers to notice the spill and remedy the dangerous condition.

This argument is likewise unavailing. In her affidavit, the plaintiff herself states that the puddle was not visible to her as she approached it at a much closer proximity than the cashiers. The plaintiff has submitted no specific facts showing that any Wal-Mart employee passed by the spill, looked at the area of the spill or otherwise approached the ice machine during that time.

---

[1] In fact, the video contradicts the plaintiff's speculation. After the man leaves the machine at 4:01, a number of people, including the plaintiff, walk directly across the corner of the ice machine without falling, pausing, or otherwise indicating a problem with the floor. *See* DVD, at 4:06, 4:13, 4:14, 4:15, 4:22.

5

Reasonable minds could not differ on the conclusion that 110 seconds, without any other specific facts introduced by the plaintiff, is not enough time to charge Wal-Mart with constructive notice.

IV.

Because the plaintiff has cited no evidence to support a finding that Wal-Mart had actual or constructive notice of the spill, a reasonable jury could not find in favor of the plaintiff. Wal-Mart's motion for summary judgment [R. 16] is therefore **Granted**. This matter will be dismissed in its entirety.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**